UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| FARAZ FADAVI, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   No. 4:24 CV 40 |
| | ) |
| SAMUEL GINN, | ) |
| | ) |
|     Defendant. | ) |

## OPINION and ORDER

This matter is before the court on defendant's motion to dismiss. (DE # 13.) For the reasons set forth below, the motion will be denied.

**I.     BACKGROUND**

On June 14, 2018, defendant Samuel Ginn was driving a car with plaintiff Faraz Fadavi as a passenger. (DE # 5.) There was a car accident and plaintiff claims that he suffered personal injuries as a result of defendant's negligence. (*Id.*) On March 20, 2020, plaintiff filed a complaint against defendant in the Tippecanoe Superior Court, under Cause No. 79D01-2003-CT-000056. (DE # 13-2.)[1] On May 21, 2020, plaintiff voluntarily dismissed the complaint without prejudice. (DE # 13-4.)

On June 5, 2020, plaintiff filed suit against defendant in the Santa Clara County, California, Superior Court. (DE # 13-5.) Plaintiff believed that the California court

---

[1] A district court may take judicial notice of public court documents filed in a state court case when ruling on a motion to dismiss, without converting the motion into a motion for summary judgment. *Fosnight v. Jones*, 41 F.4th 916, 922 (7th Cir. 2022); *Ennenga v. Starns*, 677 F.3d 766, 774 (7th Cir. 2012); *Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

would have jurisdiction over the matter and the parties because the crash occurred while he and defendant, both Stanford students, were on a business trip from California to Indiana to make a sales call on behalf of the California-based business they co-founded. (DE # 14 at 1-2.) The parties' business did not carry worker's compensation insurance at the time of the crash. Plaintiff believed that Indiana's worker's compensation exclusivity provision could bar his claim in Indiana, but that because California's worker's compensation exclusivity provision does not apply if the employer did not carry worker's compensation insurance, California was the better venue for his claims.

Defendant filed a motion to quash service of plaintiff's California complaint, which the Santa Clara court granted on January 6, 2021. (DE # 14-3.) Plaintiff appealed, but the California Court of Appeals affirmed the lower court's decision on October 25, 2022. (*See* DE # 13-6; DE # 14-4.) The Santa Clara court issued an order dismissing plaintiff's suit with prejudice on March 10, 2023. (DE # 13-6.) Plaintiff appealed the ruling on the motion to quash to the United States Supreme Court, which denied plaintiff's petition for certiorari on October 2, 2023. (*See* DE # 14-5.)

Plaintiff then returned to Indiana, and once again filed a complaint against defendant in the Tippecanoe County Superior Court on February 16, 2024. (DE # 5.) On May 9, 2024, defendant removed the case to this court. (DE # 1.) This is the present action. All three of plaintiff's lawsuits alleged the same fact pattern and cause of action.

Defendant now moves to dismiss this action on the basis that it is time-barred. This matter is fully briefed and is now ripe for ruling.

## II.    LEGAL STANDARD

A judge reviewing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Defendant contends that plaintiff's complaint is untimely. "Although the statute of limitations is an affirmative defense, dismissal under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate if the complaint contains everything necessary to establish that the claim is untimely." *Collins v. Village of Palatine, Ill.*, 875 F.3d 839, 842 (7th Cir. 2017). "A plaintiff whose allegations show that there is an airtight defense has pleaded himself out of court, and the judge may dismiss the suit on the pleadings[.]" *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012).

## III.    DISCUSSION

A federal court sitting in diversity jurisdiction applies the forum state's statute of limitations. *Evans ex rel. Evans v. Lederle Lab'ys*, 167 F.3d 1106, 1111–12 (7th Cir. 1999). The Indiana statute of limitations for personal injury actions is two years after the cause of action accrues. Ind. Code § 34-11-2-4(a). Here, there is no dispute that plaintiff's cause of action accrued as of June 14, 2018, the date of the car accident. This action was filed

3

more than five years later, on February 16, 2024. However, plaintiff asserts that under the Indiana Journey's Account Statute, this matter is timely.

Indiana's Journey's Account Statute states, in relevant part:

(a) This section applies if a plaintiff commences an action and:

(1) the plaintiff fails in the action from any cause except negligence in the prosecution of the action[.]

. . .

(b) If subsection (a) applies, a new action may be brought not later than the later of:

(1) three (3) years after the date of the determination under subsection (a); or

(2) the last date an action could have been commenced under the statute of limitations governing the original action;

and be considered a continuation of the original action commenced by the plaintiff.

Ind. Code § 34-11-8-1.

Plaintiff argues that the present suit is timely under § 34-11-8-1 because he failed in the action before the California court for reasons other than negligence in the prosecution of the action and without a ruling on the merits, and he brought the present suit within three years of the determination on his California suit. The main dispute between the parties, and the dispositive question for purposes of this motion, is whether plaintiff's voluntary dismissal of the first Tippecanoe lawsuit prevents him from now invoking § 34-11-8-1.

4

Section 34-11-8-1 does not apply to voluntarily dismissed claims. *Morris v. Jenkins*, 819 F.2d 678, 680 (7th Cir. 1987) ("[O]ne who voluntarily dismisses his own cause of action and fails to refile it within the ordinarily applicable limitations period cannot seek the protection of the Journey's Account Statute, which requires that in order to be deemed a timely continuation a cause of action must first 'fail' before it is filed anew."); *Pennsylvania Co. v. Good*, 56 Ind. App. 562, 103 N.E. 672, 673–74 (1913) ("A plaintiff cannot be said to 'fail' within the meaning of this statute unless he makes an unavailing effort to succeed. If he makes such an effort in good faith, and fails upon some question which does not involve the merits of his case, and if such failure is not due to negligence in its prosecution, the statute may be held to apply.").

There is no question that plaintiff could not take advantage of § 34-11-8-1 if he had filed an otherwise time-barred lawsuit directly after voluntarily dismissing the first Tippecanoe lawsuit. The question the parties dispute is what effect the intervening California lawsuit had on the application of § 34-11-8-1. Defendant argues that the first Tippecanoe lawsuit is the only 'original action' for purposes of § 34-11-8-1, and because he voluntarily dismissed that action, § 34-11-8-1 does not apply.[2] Plaintiff contends that because the California action was filed within the original limitations period, and asserts the same facts and theories as the present complaint, the California action can

---

[2] Defendant argues that plaintiff also voluntarily dismissed the California action, but plaintiff disputes this claim. A review of the docket in the California case does not reveal any indication that plaintiff voluntarily dismissed that action.

5

serve as the 'original action' from which the present case can be said to continue for purposes of the limitations period.

The statute does not define 'original action' and neither party has produced (and this court has not been able to locate) any authority in which this question has been considered. The court's duty in this diversity action is to apply the Journey's Account Statute as that law would most likely be applied by the Indiana Supreme Court. *Morris*, 819 F.2d at 680. "Relevant cases from Indiana's appellate courts, especially where such decisions are in agreement, often provide guidance as to how, in fact, the Indiana Supreme Court would decide a similar case." *Id.*

The Indiana Supreme Court has long maintained that "[t]he purpose of the Journey's Account Statute is to ensure 'that the diligent suitor retains the right to a hearing in court until he receives a judgment on the merits.' The statute's 'broad and liberal purpose is not to be frittered away by narrow construction.' " *City of Evansville v. Moore*, 563 N.E.2d 113, 115 (Ind. 1990) (quoting *Vesolowski v. Repay*, 520 N.E.2d 433, 434 (Ind. 1988)); *see also Good*, 103 N.E. at 673. That court has emphasized that the important consideration in invoking the statute is whether a litigant has given timely notice to his adversary of his intent to pursue his rights before the courts. *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1246 (Ind. 2010).

In practice, the Indiana Supreme Court has consistently applied a liberal construction to § 34-11-8-1. For instance, in *City of Evansville v. Moore*, 563 N.E.2d 113 (Ind. 1990), after the parties' motions for a continuance to complete additional discovery

6

were denied, the defendant told the plaintiff that if he voluntarily dismissed the action (so discovery could be completed) the defendant would not raise the statute of limitations as a defense when the plaintiff later re-filed the action. *Id.* at 114. The plaintiff dismissed the action, and when he re-filed it, the defendant objected that the suit was untimely. *Id.* The Indiana Supreme Court found that § 34-11-8-1 applied to extend the limitations period, despite the typical rule that the statute does not apply when a case has been voluntarily dismissed. Although the plaintiff did not 'fail' to obtain a decision on the merits, the Indiana Supreme Court held that the plaintiff's conduct nevertheless "satisfied the necessary 'unavailing effort to succeed,' and 'effort in good faith,' as discussed in [*Good*, 103 N.E. at 673-74]." *Id.* at 116.

Likewise, in *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239 (Ind. 2010), the Indiana Supreme Court found that § 34-11-8-1 applied to permit a medical malpractice claim to 'continue' from an incorrectly filed premises liability action. *Id.* at 1244-46. The Court acknowledged that in some respects the two claims are "wholly different," but because the underlying source of liability was the same, as were the parties and facts, there was no reason why § 34-11-8-1 should not apply so long as the statutory prerequisites were met. The Court emphasized that the important consideration in applying the statute is that the litigant gives timely notice of his intent to pursue his rights before the courts. *Id.* at 1246-47. The Court also held that the plaintiff could invoke § 34-11-8-1 even though the second claim was filed *before* the first claim had actually failed. *Id.* at 1247. The Court found that, given the lack of bad faith and the fact that the defendant was on notice of

7

the claim, the second claim could be considered a continuation of the original claim, even though it was brought before the original claim had failed. *Id.*

The Indiana Court of Appeals has also emphasized the need to liberally construe the statute to effectuate its purpose of permitting suits by diligent litigants. In *Irwin Mortg. Corp. v. Marion Cnty. Treasurer*, 816 N.E.2d 439, 444–45 (Ind. Ct. App. 2004), the Indiana Court of Appeals found § 34-11-8-1 applicable where the plaintiff first pursued its rights before an administrative body, before discovering that it should have filed in court. Section 34-11-8-1 applies where an initial 'action' has failed, and under Indiana trial rules an 'action' is commenced by filing in a court. However, the appellate court nevertheless held that, in order to effectuate the purpose of the statute, the statute would apply to save the plaintiff's claims. *Id.* at 445. Likewise, in *Torres v. Parkview Foods*, 468 N.E.2d 580, 583 (Ind. Ct. App. 1984), the appellate court held that although language of § 34-11-8-1 was not applicable to facts of the case, the purpose behind statute applied to save the plaintiff's claim. The court emphasized that the defendant was on notice of claim.

Notably, there have also been Indiana appellate cases in which there were multiple underlying actions, and the appellate court did not remark on the fact that there was more than one 'original action.' *See McGill v. Ling*, 801 N.E.2d 678 (Ind. Ct. App. 2004); *Parks v. Madison Cnty.*, 783 N.E.2d 711 (Ind. Ct. App. 2002).

The foregoing Indiana cases make clear that § 34-11-8-1 is to be liberally construed to effectuate the purpose of the statute: to ensure that a diligent litigant

8

retains the right to pursue his claim until he receives a ruling on the merits. *See also Munoz v. Woroszylo*, 29 N.E.3d 164, 169–70 (Ind. Ct. App. 2015) (Journey's Account Statute serves Indiana's policy preference for deciding cases on their merits and avoiding construction of procedural obstacles to the presentation of cases). This is the case even when the ordinary rules governing application of the statute are not met, and even in the circumstance in which a plaintiff has voluntarily dismissed the underlying action. *See Moore*, 563 N.E.2d at 116. This court predicts that the Indiana Supreme Court would find that plaintiff's voluntary dismissal of the first Tippecanoe case does not bar the application of § 34-11-8-1, where plaintiff immediately re-filed in California within the original limitations period and his California suit failed on jurisdictional grounds. To find that the Journey's Account Statute does not apply in this case would be to fritter away by narrow construction the broad and liberal purpose of the statute, in contravention of the clearly established bent of Indiana law. This finding is bolstered by the fact that defendant had notice of plaintiff's intent to pursue his rights in court.

Finally, defendant argues that § 34-11-8-1 does not apply because plaintiff's decision to bring the California case amounted to either negligence or bad faith, both of which bar the application of the statute. *See* Ind. Code § 34-11-8-1 ("This section applies if a plaintiff commences an action and . . . fails in the action from any cause except negligence in the prosecution of the action[.]"); *Eads*, 932 N.E.2d at 1244 ("Though the [Journey's Account Statute] does not explicitly refer to good faith in the filing of the original action, Indiana courts have implied a good faith requirement."). Defendant

9

argues that plaintiff's dismissal of the first Indiana action in favor of re-filing in California amounted to improper forum-shopping, and that plaintiff should have known California was not the proper jurisdiction because the accident did not occur in California. The court does not find that plaintiff acted with either negligence or bad faith in pursuing his claims in California. A plaintiff may be mistaken in his assessment of jurisdiction without being negligent or acting in bad faith, and the court finds that a mistake is what occurred in this case. *See e.g. Munoz*, 29 N.E.3d at 169–70 ("Woroszylo's decision to file suit in the Northern District of Illinois was bad judgment. Bad judgment is not, however, bad faith."); *Basham v. Penick*, 849 N.E.2d 706, 713 (Ind. Ct. App. 2006); *Lake v. Hezebicks*, No. 2:14-CV-00344-WTL, 2015 WL 224786, at *4–5 (S.D. Ind. Jan. 15, 2015); *Bissonnette v. Podlaski*, No. 1:15-CV-00334-SLC, 2018 WL 2688583, at *10 (N.D. Ind. June 5, 2018) ("Even if Defendants are correct and Bissonnette filed suit in the Southern District of New York to garner media attention, doing so does not exclude the possibility that he believed that the court had personal jurisdiction over the parties.") Accordingly, § 34-11-8-1 applies to make plaintiff's present claims timely.

### IV.    CONCLUSION

For the foregoing reasons, the court **DENIES** defendant's motion to dismiss. (DE # 13.)

**SO ORDERED.**

Date: March 24, 2025

    s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT